UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHANDRA B.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-319 |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the court on a referral for a Report and Recommendation on the petition for judicial review of the decision of the Commissioner filed by the plaintiff, Chandra B., on July 19, 2019. For the following reasons, the court **RECOMMENDS** that the decision of the Commissioner be **REMANDED.**

*Background*

The plaintiff, Chandra B., filed applications for Disability Insurance Benefits and Supplemental Security Income on July 14, 2016, alleging a disability onset date of September 24, 2012. (Tr. 15). The Disability Determination Bureau denied Chandra B.'s applications initially on November 30, 2016, and again upon reconsideration on May 12, 2017. (Tr. 15). Chandra B. subsequently filed a timely request for a hearing on June 19, 2017. (Tr. 15). A hearing was held on May 4, 2018, before Administrative Law Judge (ALJ) Stephanie Katich, and the ALJ issued an unfavorable decision on August 7, 2018. (Tr. 15-27). Vocational Expert (VE) James Breen appeared at the hearing. (Tr. 15). The Appeals Council denied review making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3).

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

Chandra B. met the insured status requirements of the Social Security Act through December 31, 2017. (Tr. 18). At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Chandra B. had not engaged in substantial gainful activity since September 24, 2012, the alleged onset date. (Tr. 18).

At step two, the ALJ determined that Chandra B. had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, fibromyalgia, history of stent placement secondary to coronary artery disease, and chronic pain syndrome. (Tr. 18). The ALJ found that the above medically determinable impairments significantly limited Chandra B.'s ability to perform basic work activities and were severe for the purpose of the Social Security Act. (Tr. 18). In addition to her severe physical impairments, the ALJ noted that there were references and allegations of hypothyroidism, goiter, hiatal hernia, GERD/heartburn, irritable bowel syndrome, migraine headaches, colitis, history of sepsis/history of clostridium difficile infection, borderline right ventricular enlargement, and hypertension. (Tr. 18). However, the ALJ found that these impairments caused no more than minimal limitations in Chandra B.'s ability to complete work activity and were non-severe impairments. (Tr. 18).

The ALJ also concluded that Chandra B.'s medically determinable mental impairments of depressive disorder and posttraumatic stress disorder, considered singly and in combination, did not cause more than minimal limitations in her ability to perform basic mental work activities. (Tr. 19). The ALJ considered the paragraph B criteria for mental impairments, which include the four broad areas of mental functioning:

> understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.

(Tr. 19). The ALJ found that Chandra B. had a mild limitation understanding, remembering, or

2

applying information; a mild limitation interacting with others; a mild limitation concentrating, persisting, or maintaining pace; and a mild limitation adapting or managing herself. (Tr. 18-19). The ALJ found that because Chandra B.'s mental impairments caused no more than "mild" limitations in any of the functional areas they were non-severe. (Tr. 20).

At step three, the ALJ determined that Chandra B. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 21). The ALJ indicated that Chandra B.'s severe impairments did not meet listings 1.04 and 4.04. (Tr. 21). The ALJ also noted that she considered Chandra B.'s fibromyalgia consistent with Social Security Ruling 12-2p. (Tr. 22). The ALJ found that the record did not establish the medical signs, symptoms, laboratory findings, or degree of functional limitation required to meet or equal the criteria of any listed impairment and that no acceptable medical source concluded that Chandra B.'s impairments medically equaled a listed impairment. (Tr. 22).

After consideration of the entire record, the ALJ then assessed Chandra B.'s residual functional capacity (RFC) as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can occasionally climb ramps and stairs, she can never climb ladders, ropes, or scaffolds, she can occasionally reach overhead and frequently handle, using the bilateral upper extremities, and she should avoid all exposure to wet, slippery or uneven surfaces, unprotected heights, and unguarded moving machinery.

(Tr. 22). The ALJ explained that in considering Chandra B.'s symptoms she followed a two-step process. (Tr. 22). First, she determined whether there was an underlying medically determinable physical or mental impairment that was shown by a medically acceptable clinical or laboratory diagnostic technique that reasonably could be expected to produce Chandra B.'s

3

pain or other symptoms. (Tr. 22). Then she evaluated the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limited Chandra B.'s functional limitations. (Tr. 22).

After considering the evidence, the ALJ found that Chandra B.'s medically determinable impairments reasonably could be expected to produce her alleged symptoms. (Tr. 22). However, her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 23).

The ALJ concluded that Chandra B. could perform her past relevant work as a cashier, hairstylist, and rental clerk. (Tr. 26). The ALJ determined that her past work did not require the performance of work-related activities precluded by the RFC. (Tr. 26). The ALJ found that Chandra B. had not been under a disability, as defined in the Social Security Act, from September 24, 2012, through the date of the ALJ's decision, August 7, 2018. (Tr. 27).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); ***Moore v. Colvin***, 743 F.3d 1118, 1120–21 (7th Cir. 2014); ***Bates v. Colvin***, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." ***Richardson v. Perales***, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28

L. Ed. 2d 852 (1972) (quoting **Consol. Edison Co. v. NLRB**, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see* **Bates**, 736 F.3d at 1098.  A court must affirm an ALJ's decision if the ALJ supported her findings with substantial evidence and if there have been no errors of law.  **Roddy v. Astrue**, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted).  However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." ***Lopez ex rel. Lopez v. Barnhart***, 336 F.3d 535, 539 (7th Cir. 2003).

      Disability and supplemental insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act.  The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  **42 U.S.C. § 423(d)(1)(A)**.  The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability.  **20 C.F.R. §§ 404.1520, 416.920**.  The ALJ first considers whether the claimant is presently employed or "engaged in substantial gainful activity."  **20 C.F.R. §§ 404.1520(b), 416.920(b)**.  If she is, the claimant is not disabled and the evaluation process is over.  If she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities."  **20 C.F.R. §§ 404.1520(c), 416.920(c)**; *see* **Williams v. Colvin**, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments).  Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations.  **20 C.F.R. § 401, pt. 404, subpt. P, app. 1**.  If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling.

However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work. If, at this fourth step, the claimant can perform her past relevant work, she will be found not disabled. **20 C.F.R. §§ 404.1520(e), 416.920(e)**. However, if the claimant shows that her impairment is so severe that she is unable to engage in her past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of her age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the national economy. **42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f)**; *see* **Biestek v. Berryhill,** 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion regarding job availability, does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Chandra B. has requested that the court remand this matter for additional proceedings. In her appeal, Chandra B. has argued that: (1) the ALJ did not assess her subjective symptoms pursuant to SSR 16-3p; and (2) the ALJ failed to consider the impact of her migraine headaches on her ability to work.

Chandra B. has argued that the ALJ did not properly analyze her subjective symptoms. An ALJ's evaluation of subjective symptoms will be upheld unless it is patently wrong. ***Shideler v. Astrue***, 688 F.3d 306, 310-11 (7th Cir. 2012). Nevertheless, an ALJ must explain her evaluation with specific reasons that are supported by the record. ***Pepper v. Colvin***, 712 F.3d 351, 367 (7th Cir. 2013). Under SSR 16-3p, an ALJ must assess the claimant's subjective symptoms rather than assessing her "credibility."

The ALJ first must determine whether the claimant has a medically determinable impairment that reasonably could be expected to produce her symptoms. SSR 16-3p, 2016 WL 1119029, at *2. Then, the ALJ must evaluate the "intensity, persistence, and functionally limiting effects of the individual's symptoms to determine the extent to which the symptoms affect the individual's ability to do basic work activities." SSR 16-3p, 2016 WL 1119029, at *2. An individual's statements about the intensity and persistence of the pain may not be disregarded because they are not substantiated by objective medical evidence. SSR 16-3p, 2016 WL 1119029 at *5. In determining the ability of the claimant to perform work-related activities, the ALJ must consider the entire case record, and the decision must contain specific reasons for the finding. SSR 16-3p, 2016 WL 1119029, at*4, 9. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

    (i) The individual's daily activities;

    (ii) Location, duration, frequency, and intensity of pain or other symptoms;

    (iii) Precipitating and aggravating factors;

    (iv) Type, dosage, effectiveness, and side effects of any medication;

    (v) Treatment, other than medication, for relief of pain or other symptoms;

    (vi) Other measures taken to relieve pain or other symptoms;

    (vii) Other factors concerning functional limitations due to pain or other symptoms.

*See* **20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).**

The ALJ must justify her assessment with "specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013). Moreover, "the ALJ must explain her [subjective symptom evaluation] in such a way that allows [the Court] to determine whether she

reached her decision in a rational manner, logically based on her specific findings and the evidence in the record." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014); *see* SSR 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017) (the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."). "[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts." *Ghiselli v. Colvin*, 837 F.3d 771, 777 (7th Cir. 2016); *see also* ***Moore v. Colvin***, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain.").

In assessing Chandra B.'s subjective symptoms, the ALJ described her testimony about her symptoms and limitations. The ALJ stated that "the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence…" (Tr. 23). The ALJ then briefly discussed Chandra B.'s ability to perform daily activities, the third-party report from her sister, and summarized her medical reports.

The ALJ indicated that Chandra B. was able to engage in a "somewhat full range of daily activities." (Tr. 23). The ALJ listed some examples of these daily activities but failed to explain how these activities undermined Chandra B.'s allegations. While an ALJ is directed to consider a claimant's daily activities when evaluating her description of symptoms, *see* SSR 16-3p, 2017

8

WL 5180304 at *7, the ALJ must explain why any perceived inconsistencies undercut her allegations unless the inconsistencies are so obvious that no explanation is necessary. *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017) (finding error where "the ALJ did not explain why doing [ ] household chores was inconsistent with [plaintiff's] description of her pain and limited mobility" and no inconsistency was obvious). Thus, the ALJ erred by dismissing Chandra B.'s subjective symptom statements because of her ability to perform daily activities without explaining how these activities undermined her allegations.

The ALJ found that Chandra B.'s statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent because while she was limited, the substantial evidence of record did not support a finding that she was more limited. (Tr. 23). She then proceeded with a summary of the medical record. An ALJ cannot discount the plaintiff's testimony "simply because it is not corroborated by objective medical evidence." *Hill v. Colvin*, 807 F.3d 862, 869 (7th Cir. 2015); SSR 16-3p, 2017 WL 5180304, at *5 ("[W]e will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."). The ALJ erred by relying almost exclusively on the absence of supportive objective evidence to discount Chandra B.'s symptoms. *See Mills v. Colvin*, 959 F. Supp. 2d 1079, 1090 (N.D. Ill. 2013) ("The part of the ALJ's opinion in which he summarized the record before him is not sufficiently specific to show that he actually *analyzed* that evidence in making his credibility determination.").

Moreover, the ALJ did not discuss the side effects of Chandra B.'s medications. In evaluating a claimant's symptoms, the ALJ is required to consider side effects of medication. SSR 16-3p, 2017 WL 5180304 at *7; *see also Flores v. Massanari*, 19 F. App'x 393, 399 (7th

9

Cir. 2001) ("The side effects of medication can significantly affect an individual's ability to work and therefore should figure in the disability determination process."). Chandra B. testified that she took morphine, percocet, gabapentin, and baclofen and that the medications made her tired and dizzy. (Tr. 52). She also included in her function report that several of her medications made her sleepy, tired, groggy, and foggy. (Tr. 299). The ALJ did not indicate a specific reason why Chandra B.'s testimony as to her side effects was not consider nor did the Commissioner address this issue.

Accordingly, the court finds that the ALJ's evaluation of Chandra B.'s subjective symptoms was not supported by substantial evidence. On remand, the ALJ should perform the required analysis under SSR 16-3p.

Next, Chandra B. has argued that the ALJ improperly found that her migraine headaches were a non-severe impairment. Although Chandra B. had been treated for migraines, the ALJ concluded that her migraines were not a severe impairment because she had not been hospitalized on an inpatient basis, clinicians had not recommended continuing or ongoing treatment, and there was no evidence that they affected her ability to perform work activity. (Tr. 18). Chandra B. contends that these are not valid reasons to find an impairment to be non-severe. Additionally, she contends that the ALJ erred by not including any limitations for her migraines in the RFC.

The court can proceed directly to the RFC analysis because the step two requirement of severity is "merely a threshold requirement." *Hickman v. Apfel*, 187 F.3d 683, 688 (7th Cir. 1999); *see also Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010). The ALJ identified other impairments that were severe at step two. Thus, the ALJ was obligated to proceed with the evaluation process, and no error resulted from the ALJ's failure to label her migraines as a severe

impairment. *See* **20 C.F.R. §§ 404.1523, 416.923** ("As long as the ALJ determines that the claimant has one severe impairment, the ALJ will proceed to the remaining steps of the evaluation process.").

However, the ALJ's decision does not reflect any consideration of whether Chandra B.'s migraines caused functional limitations that required accommodation within the RFC. The Commissioner did not address this argument. Instead, the Commissioner only asserted that the ALJ properly found, at step two, that the migraine headaches were not a severe impairment.

An ALJ must "consider the limitations imposed by all impairments, severe and non-severe." *Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019); **20 C.F.R. §§ 404.1523, 416.923.** The duty to analyze non-severe impairments in formulating a claimant's RFC to be used at steps four and five is fundamental to the disability programs under the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 150-51, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (emphasizing the duty of the Commissioner, when there is at least one severe impairment, to "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity") (quoting **42 U.S.C. §§ 423(d)(2)(C)**, **1382c(a)(3)(F)** (1982 ed. and Supp. III)). "Although the non-severe impairments may not have an effect on the claimant's RFC ultimately, the ALJ [is] required to explain why." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010).

Here, the ALJ dismissed the severity of Chandra B.'s migraines, along with four other non-severe impairments, in one sentence. (Tr. 18). Chandra B. completed a headache questionnaire as part of her application for benefits. (Tr. 289). Moreover, she testified that she had migraines three out of seven days. (Tr. 52). She indicated that after she felt a migraine coming and she took medication it usually took about an hour and a half until it was resolved.

11

(Tr. 53).  The Commissioner indicated that Chandra B.'s hearing testimony was contrary to her questionnaire which indicated that she only had migraines every two to three months.  (Tr. 289).  However, the ALJ in her decision included no such discussion.  *See* ***Parker v. Astrue***, 597 F.3d 920, 922 (7th Cir. 2010) (noting that ***SEC v. Chenery Corp.***, 318 U.S. 80, 87-88 (1943), "forbids an agency's lawyers to defend the agency's decision on grounds that the agency itself has not embraced").  Even though a diagnosis alone does not require a severity finding, the ALJ erred by not confronting evidence of migraines at step two or later incorporating it into her RFC discussion.  "A failure to fully consider the impact of non-severe impairments requires reversal." ***Denton v. Astrue***, 596 F.3d 419, 423 (7th Cir. 2010) (citing ***Golembiewski v. Barnhart***, 322 F.3d 912, 918 (7th Cir. 2003)).   Accordingly, remand is required.

    Based on the foregoing reasons, the court **RECOMMENDS** that the decision of the Commissioner be **REMANDED** for further proceedings consistent with this order.

    Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  ***Willis v. Caterpillar, Incorporated***, 199 F.3d 902, 904 (7th Cir. 1999); ***Johnson v. Zema Systems Corporation***, 170 F.3d 734, 739 (7th Cir. 1999); ***Hunger v. Leininger***, 15 F.3d 664, 668 (7th Cir. 1994); ***The Provident Bank v. Manor Steel Corporation***, 882 F.2d 258, 260-61 (7th Cir. 1989); ***United States v. Johnson***, 859 F.2d 1289, 1294 (7th Cir. 1988); ***Lebovitz v. Miller***, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

    ENTERED this 28th day of July, 2020.

    /s/ Andrew P. Rodovich  
    United States Magistrate Judge